TUCKER *v.* ADAMS.

Spirituous liquor does not lose its character of property by being illegally kept for sale.

The provisions of Gen. Laws, *c.* 117, *ss.* 1, 2, requiring every firm to file with the town-clerk a certificate of their names and residences, do not affect a suit against a partner upon a cause of action not growing out of the affairs of his firm.

When a sheriff, attaching partnership goods as the property of a member of the firm, takes a receipt for them from another member, and leaves them in the possession of the firm, the paramount partnership title is a defence in an action on the receipt.

TROVER, for spirituous liquor and other saloon goods, by a sheriff against a receiptor of attached property. Facts found by the court. The goods were the property of Fife and the defendant, partners in the firm of Fife & Co. The plaintiff's attachment of them was made in a suit brought by Hoyt against Fife on a debt due from Fife to Hoyt, and contracted before the partnership of Fife & Co. was formed. The goods were left in the saloon of Fife & Co., where they were attached. Fife had given Adams mortgages of a large part of them as security for a note given for money loaned by Adams to Fife, and contributed by Fife as his share of their capital; and the mortgages were recorded. It was understood that Adams was to be a silent partner, and that his name was not to be disclosed; and the certificate required by Gen. Laws, *c.* 117, *s.* 1, was not filed with the town-clerk. On the day of the attachment, the plaintiff demanded of Adams an account on oath of the amount due on his mortgages, and an account has not been given.

*Albin & Martin,* for the plaintiff. The contract of Fife and Adams to engage as partners in the business of selling intoxicating liquor being illegal, their title is no defence. The mortgages induced Hoyt to attach the goods as the property of Fife; and the mortgagee is estopped, by his concealment of the partnership and

by the representations of the mortgages that the goods were the property of Fife, to set up the title of Fife & Co. *Drew* v. *Kimball*, 43 N. H. 282; *Richardson* v. *Chickering*, 41 N. H. 380; *Horn* v. *Cole*, 51 N. H. 297; *Mitchell* v. *Reed*, 9 Cal. 204; *Strong* v. *Ellsworth*, 26 Vt. 366.

*C. P. Sanborn*, for the defendant.

DOE, C. J.   The goods did not lose the character of property by being illegally kept for sale, or being used in an illegal business.   Whatever difficulties either partner might encounter in enforcing the partnership contract against the other, the title of their chattels was not destroyed by the unlawfulness of their traffic. The evidence concerning the mortgages raises no question of law. It is not found as a fact that the plaintiff in interest had any knowledge of the mortgages when he ordered the attachment, or acted upon a belief that they showed the true state of the title, or was misled by them, or was induced to change his position by the mortgagee's representation that the goods were the property of Fife.   The facts of an estoppel are not stated in the reserved case.

The provisions of Gen. Laws, *c.* 117, *ss.* 1, 2, requiring every firm to file with the town-clerk a certificate of their names and residences, and relieving a plaintiff from certain consequences of the nonjoinder of a partner as a defendant in an action against a firm, are not applicable to this case.   The defendant, having neglected to render the demanded account, cannot set up the mortgages as a defence.   Whether he can be relieved on a bill in equity upon *c.* 29, Laws of 1883, is a question not raised by the case. The attached goods remained in the rightful possession of the defendant and his partner, and their paramount title, asserted by the defendant, is a defence in this suit.   *Hill* v. *Wiggin*, 31 N. H. 292, 302; *Clement* v. *Little*, 42 N. H. 563, 570.   Some other process is necessary for reaching the interest of Fife in such partnership property as may be left after the payment of partnership debts.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.